**UNITED STATES of America,
Appellee,**

v.

**Jorge AMEZCUA–CAMPOS, Appellant.**

No. 05–1481.

United States Court of Appeals,
Eighth Circuit.

Submitted July 29, 2005.

Decided Aug. 8, 2005.

William M. Cromwell, Asst. U.S. Attorney, U.S. Attorney's Office, Fort Smith, AR, for Appellee.

Jenniffer Morris Horan, Federal Public Defender's Office, Little Rock, AR, John B. Schisler, Federal Public Defender's Office, Fayetteville, AR, for Appellant.

Jorge Amezcua–Campos, Big Spring, TX, pro se.

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

PER CURIAM.

Jorge Amezcua–Campos appeals the sentence imposed after he pleaded guilty to illegal reentry. He argues the district court's [1] finding (under advisory Sentencing Guidelines) that his prior conviction resulted in a 12–level increase in his offense level violated the Sixth Amendment. While Amezcua–Campos does not dispute the existence of the conviction, he argues based on *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), that a jury must decide whether and to what extent the conviction justified an enhancement. We have previously concluded, however, that a sentencing judge may find not only the existence of a prior conviction, but also whether the conviction is one of the types qualifying for a sentence enhancement. *See United States v. Kempis–Bonola*, 287 F.3d 699, 702–03 (8th Cir.), *cert. denied*, 537 U.S. 914, 123 S.Ct. 295, 154 L.Ed.2d 196 (2002). This principle was unchanged by Booker. *Cf. United States v. Marcussen*, 403 F.3d 982, 984 (8th Cir.2005) (rejecting argument that nature of prior conviction is to be treated

---

1. The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the   Western District of Arkansas.

differently from fact of prior conviction). Accordingly, we affirm.